IIEARD NOVEMBER TERM, 1873.

BULL *vs.* LAMBSON.

In an action against two as copartners, the Court may, at the close of plaintiff's case, and after motion for non-suit, on the ground that neither a copartnership nor other joint liability had been shown, allow the plaintiff, under Section 296 of the Code, to amend by striking out the name of one defendant and proceeding against the other individually.

BEFORE GRAHAM, J., AT ORANGEBURG, MARCH TERM, 1873.

This was an action by Edmund Bull against J. R. Lambson and D. G. Hough, as copartners, under the name of J. R. Lambson & Co., for goods sold and delivered. Service of the summons and complaint was acknowledged by Lambson for himself and Hough.

At the close of plaintiff's case defendant moved for a non-suit on the ground that no copartnership but only the individual liability of Lambson had been proved. His Honor denied the motion, and allowed the plaintiff to amend by striking out the name of Hough and all allegations of copartnership. The defendant excepted, and the jury having found for the plaintiff he appealed.

*Maurice,* for appellant.

*Rutledge & Young,* contra.

June 22, 1874. The opinion of the Court was delivered by

WILLARD, A. J. The complaint, before amendment, was against Lambson & Hough for the sale and delivery of goods. The evidence introduced by plaintiff tended to prove that the contract was joint with both Lambson & Hough. Plaintiff's witnesses were cross examined with a view to establish the fact that the contract was the several contract of Lambson. The defendant, on the close of plaintiff's case, moved for a non-suit, on the ground that the allegation of

a joint contract was not sustained by the proofs, which showed an individual contract on the part of Lambson. The plaintiff then moved to amend his complaint by striking out the name of Hough as a defendant. The Court allowed this amendment against defendant's objection, and, on this ground, defendant appeals. No further testimony was offered, and, under the charge of the Court, the jury rendered a verdict for defendant.

The only question to be considered is, whether the Court had authority to allow the amendment.

Section 196 of the Code provides that "the Court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party," &c. The obvious intention of this clause was to enable the party to correct any defect in the statement of his case as it regards the parties affected, as well as to get rid of unnecessary and superfluous parties, and to call in others collaterally interested or affected. Such a construction is conformable not only to the general spirit of the Code of Procedure but to the special and very liberal provisions relating to the amendment of pleadings and proceedings. The Circuit Judge had, clearly, authority to allow the amendment in question.

The appeal should be dismissed.

*Wright*, A. J., concurred.

Moses, C. J. If Hough had been a party before the Court I am not satisfied that the failure of the plaintiff to prove the allegations of the complaint could have been remedied by an amendment.—Code of Procedure, Section 194.

The amendment proposed a substantial change in the character of the claim, and was objectionable on that ground.—Code, Section 196.

Hough, however, was no party to the cause. Even if a partnership had been proved between him and Lambson, the latter could not have authorized an acceptance and appearance for him.—*Keckly & Keen* vs. *Perry*, MS. Charleston, May T., 1822; *Haslett et al.* vs. *Street et al.*, 2 McC., 310.

Lambson was the only party before the Court, and, therefore, I think the amendment was allowable.

I concur in the order dismissing the motion.